J-S27030-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABRAHIM FATA | : | |
| | : | |
| Appellant | : | No. 699 EDA 2026 |

Appeal from the Order Entered February 4, 2026
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000679-2022

BEFORE: BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.: **FILED AUGUST 7, 2026**

Appellant, Abrahim Fata, appeals *pro se* from the order entered on February 4, 2026, which denied his "motion to compel production of audio recordings pursuant to Pa.R.J.A. 4007 and 4008." We affirm.

Appellant pleaded guilty to resisting arrest and, on August 18, 2023, the trial court sentenced Appellant to serve six months of probation.[1] Appellant did not file a direct appeal from his judgment of sentence.

On August 7, 2024, Appellant filed his first petition under the Post Conviction Relief Act ("PCRA"). The PCRA court dismissed the petition on October 22, 2024, as Appellant was no longer serving his sentence of probation. *See* 42 Pa.C.S.A. § 9543(a)(1)(i) (declaring that, to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of

_____

[1] 18 Pa.C.S.A. § 5104.

imprisonment, probation or parole for the crime"). This Court affirmed the PCRA court's order on November 4, 2025. *Commonwealth v. Fata*, 351 A.3d 192 (Pa. Super. 2025) (non-precedential decision).

On February 2, 2026, Appellant filed an independent, *pro se* "Motion to Compel Production of Audio Recordings Pursuant to [Pa.R.J.A.] 4007 and 4008" (hereinafter "Appellant's Motion"). Within this motion, Appellant requested "the digital audio recordings of all requested hearings in this case." Appellant's Motion, 2/2/26, at 1.

The trial court denied Appellant's Motion on February 4, 2026. Trial Court Order, 2/4/26, at 1. Within its later-filed opinion, the trial court explained:

> Appellant's [transcript] requests pertain exclusively to Magisterial District Court proceedings, which are not within the custody or control of [the trial court], if such records exist at all. [Appellant's] matter was not within the jurisdiction of the Court of Common Pleas until December 21, 2022.

Trial Court Opinion, 4/23/26, at 6.

Appellant filed a notice of appeal from the trial court's February 4, 2026 order and, on appeal, Appellant raises the following claims:

> 1. Did the trial court commit an error of law by ruling that it lacked jurisdiction or "custody" over the official records of Magisterial District Courts within its own Judicial District?
>
> 2. Did the trial court abuse its discretion by finding that a transcript request was "not received" despite a documented paper trail?

3. Did the trial court err as a matter of law by ruling that official audio recordings are "exclusive property" under [Pa.R.J.A.] 4015?

Appellant's Brief at 2 (some capitalization omitted).

As our Supreme Court has explained:

> To ensure the right of a criminal defendant to meaningful appellate review, we require that he or she be furnished a full transcript or other equivalent picture of the trial proceedings. Nevertheless, to be entitled to relief due to the incompleteness of the trial record the defendant must make some potentially meritorious challenge which cannot be adequately reviewed due to the deficiency in the transcript.

***Commonwealth v. Marinelli***, 910 A.2d 672, 709-710 (Pa. 2006) (quotation marks, citations, and corrections omitted).

Appellant's claims all declare that the trial court erred when it denied his motion to compel production of "the digital audio recordings of all requested hearings in [his] case." **See** Appellant's Motion, 2/2/26, at 1; **see also** Appellant's Brief at 1-5. Within Appellant's brief, Appellant contends that the requested audio recordings are "essential evidence for a federal civil rights case." Appellant's Brief at 3. Appellant, however, filed his motion in the Court of Common Pleas of Pike County, at docket number CP-52-CR-0000679-2022, where he was convicted of (and served his sentence for) resisting arrest. Moreover, there is no action currently pending at this docket number. Rather, Appellant's motion is more properly viewed as a discovery request in some alleged federal case, which might or might not exist, and which is outside of our jurisdiction. **C.f. Commonwealth v. McClure**, 172 A.3d 668, 684 (Pa. Super. 2017) (stating: discovery orders that do not require the disclosure of

privileged materials are "generally interlocutory and not immediately appealable").

This Court confronted a substantially similar issue in both **Commonwealth v. Ballem**, 482 A.2d 1322 (Pa. Super. 1984) and **Commonwealth v. Martin**, 705 A.2d 1337 (Pa. Super. 1998). In these cases, the defendants were convicted of and sentenced for certain crimes and, in both cases, the defendants filed independent motions for the production of transcripts. **See Ballem**, 482 A.2d at 1323; **Martin**, 705 A.2d 1338. Importantly, at the time the defendants filed their motions, neither defendant had any matter pending before the trial court. **See Ballem**, 482 A.2d at 1324; **Martin**, 705 A.2d 1338. The defendants, however, claimed that "the requested documents [were] necessary in order for [them] to pursue relief in post-conviction proceedings." **See Ballem**, 482 A.2d at 1324; **Martin**, 705 A.2d 1338. In both **Ballem** and **Martin**, this Court affirmed the denial of the defendants' petitions, reasoning:

> despite the validity of the asserted necessity of the documents for a [PCRA petition], no such action is currently pending. Consequently, [in the absence of a pending, underlying action,] the [trial] court, confronted only with the instant petition [requesting production of the notes of testimony], was in no position to assess defendant's claims to determine whether they constituted compelling reasons warranting a grant of his petition.

**Martin**, 705 A.2d at 1338 (quotation marks and citations omitted); **see also Ballem**, 482 A.2d 1324; **Commonwealth v. Crider**, 735 A.2d 730, 733 (Pa. Super. 1999) ("a trial court, confronted only with a petition for production of

- 4 -

documents where no action is pending, is in no position to assess a petitioner's claims to determine whether they constitute compelling reasons warranting a grant of the petitioner's petition").

**Ballem** and **Martin** are binding on this Court. Therefore, in accordance with this precedent, we affirm the trial court's order denying Appellant's motion to compel production of audio recordings.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/7/2026